AUSTIN JAMES (58422031)
Chief Legal Counsel
Secretary of State's Office
Special Attorney General
P.O. Box 202801
Helena, MT 59620-2801
406-444-2034
Austin.James@mt.gov

*COUNSEL FOR DEFENDANT*
*Montana Secretary of State*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**HELENA DIVISION**

| | |
|---|---|
| Blackfeet Nation,<br>    Plaintiff,<br>v.<br><br>COREY STAPLETON, in his official capacity as Montana Secretary of State; THE COUNTY OF PONDERA, as a political subdivision organized under the laws of the State of Montana; KODY FARKELL, in her official capacity as Pondera County Clerk & Recorder/Election Administrator; DALE J. SEIFERT, in his official capacity as Pondera County Commissioner; THOMAS A. KUKA, in his official capacity as Pondera County Commissioner; and JIM MORREN, in his official capacity as Pondera County Commissioner; in the United States District Court for the District of Montana. | 4:08-cv-08000<br><br><br><br>**DEFENDANT SECRETARY OF STATE'S MOTION TO DISMISS** |

By Motion filed October 13, 2020, Defendant Secretary of State Corey Stapleton ("Secretary of State"), has moved pursuant to Fed. R. Civ. P. 12 (b)(1) and 12 (b)(6) to dismiss the complaint of Blackfeet Nation. This brief supports that Motion.

## INTRODUCTION

Plaintiffs' Complaint alleges that the failure of the Defendants to provide a satellite office on the Blackfeet Indian Reservation violates the U.S. Constitution, the Montana Constitution, Section 2 of the Voting Rights Act, and the Secretary's Election Directive (#10-2015). They seek declaratory and injunctive relief, temporary and permanent, (1) ordering Defendants establish a satellite election office on the Blackfeet Indian Reservation for the full period authorized by Montana law for all future elections, (2) an order pursuant to Section 3 (c) of the Voting Rights Act, (3) attorneys fees.

The Court should dismiss this case against Defendant Secretary of State as Plaintiffs fail to state a claim for relief as to the alleged violations. The Secretary of State is simply unable to grant the relief sought by the Plaintiffs. Additionally, this Court lacks jurisdiction over the subject matter because the Plaintiffs lack standing to bring this action against Defendant Secretary of State.

## LEGAL STANDARD APPLICABLE TO RULE 12 (B) MOTIONS.

### A. Rule 12 (b)(1)

Rule 12(b)(1) allows a party to raise the defense that a court lacks jurisdiction over the subject matter of a claim. Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject-matter jurisdiction. Under this provision, a claim can be challenged both facially and substantively. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). A facial challenge contests the adequacy of the allegations of the complaint, whereas a substantive challenge contests the factual merits of the asserted federal jurisdiction. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005); *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The plaintiff has the burden to establish that subject-matter jurisdiction is proper. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit. In that event, the suit should be dismissed under Rule 12(b)(1)." *Cetacean Community v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citations omitted).

Under the "case or controversy" requirement, it is the plaintiff's burden to show three elements: (1) a concrete injury-in-fact; (2) a causal connection between the injury and defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

### B. Rule 12 (b)(6)

Under Fed. R. Civ. P. 12 (b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted.

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id*. at 663.

## ARGUMENT

I. <u>**Plaintiffs Lack Standing to Bring Claims Against Defendant Secretary of State**</u>

In this case the Plaintiffs cannot meet the heavy burden to establish standing as they can show neither a casual connection between the injury and Defendant Secretary of State's conduct nor a likelihood that the Secretary is capable of redressing the injury by a favorable decision. The Court therefore lacks jurisdiction over the subject matter.

**1. Plaintiffs cannot demonstrate a sufficient casual connection.**

The Secretary of State simply does not have a casual connection between the injury and the conduct complained of. For here to be a casual connection between the injury and the conduct complained of, the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . [t]he result [of] the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (internal quotation marks and citation omitted).

Plaintiffs do not present any argument for causation. The complaint does not expressly indicate what actions of the Secretary of State, nor does it implicate any wrongful actions of the Secretary of State. The only connection to the Secretary of State presented by Plaintiffs in their claims is the injury alleged is in violation of the Secretary of State's directive. The Secretary did not participate in the alleged violations. Nor do Plaintiffs allege the Secretary participated in the alleged violations.

In *Wandering Medicine*, the Court held in that case that Plaintiffs demonstrated a sufficient casual connection by based on (1) the Secretary's initial denial of the request for the establishment of a similar office in Browning, (2)the issuance of an advisory opinion which stated the establishment of such offices as "optional", and (3) the failure to issue a directive ordering such offices be established. *Wandering Med. v. McCulloch,* No. CV 12-135-BLG-DWM (D. Mont. Mar. 26, 2014), 2014 U.S. Dist. LEXIS 183736, at *10.

Plaintiffs do not implicate any one of the three in this case. Unlike in *Wandering Medicine*, here, the Secretary has issued a directive ordering the establishment of satellite offices. Consequently, the circumstances in which established a sufficient casual connection for standing purposes in Wandering Medicine do not exist in this case.

Plaintiffs fail to show a sufficient casual connection to establish standing to bring claims against the Secretary. Therefore, the Secretary respectfully requests the Court to dismiss Plaintiffs action against the Secretary.

### 2. Plaintiffs cannot show redressability

Plaintiffs have failed to allege any likelihood that a judgement against the Secretary would redress their alleged injury. In their Prayer for Relief, Plaintiffs ask the Court to order Defendants to establish satellite office locations that allow in-person absentee voting and late registration. (Compl., Doc. 1, at 24-26) If this

Court determines that Plaintiffs are entitled to the relief prayed for, it will fall on Pondera County, not the Secretary, to fulfill that judgement.

Plaintiff's relief is based on, in part, the Secretary's existing Directive. Plaintiffs do not challenge the Secretary's Directive. The Secretary's Directive is uniformly applied statewide, which includes Pondera County. Just as the Secretary does not have a causal connection to the injury alleged, the Secretary is similarly unable to redress Plaintiff's alleged injury. Thus, the Secretary's Motion to Dismiss should be granted because Plaintiffs cannot show redressability.

## II. **Plaintiffs fail to state a plausible claim for relief against the Secretary**

Plaintiffs sue the Secretary of State for failure to take actions that lie beyond the Secretary of State's duties and powers. The duties of the Secretary of State can generally be found in Article VI, § 4(3), Mont. Const., Mont Code Ann. § 2-15-401, and Title 13, Mont. Code Ann. The Secretary does not have the statutory or constitutional authority to grant Plaintiffs the relief they seek as the Secretary of State cannot establish a satellite election office on the Blackfeet Indian Reservation.

Local election administration is under the purview of the county clerk and recorder of each county who is also designated as the election administrator for the county. "Election administrator' means the county clerk and recorder or the individual designated by a county governing body to be responsible for all election

administration duties…: Mont. Code Ann. § 13-1-101 (9). The County Commissioners have the duty to supervise the official conduct of all county offices, including the office of the election administrator. Mont. Code Ann. § 7-4-2110. The Secretary has fulfilled his duties and obligations through the issuance of State Election Directive #10-2015.

As Plaintiffs fail to state a claim for relief upon which relief can be granted under Fed. R. Civ. P. 12 (b)(6), the Secretary of State respectfully asks the Court to dismiss the Secretary from this case.

## CONCLUSION

For the reasons stated above, Defendant Secretary of State respectfully requests that the Court grant this motion to dismiss and dismiss Plaintiffs' action against the Secretary of State with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12 (b)(1) and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12 (b)(6).

Respectfully submitted this 13th day of October, 2020.

By: /s/ Austin Markus James

Austin M. James
Special Assistant Attorney General
Chief Legal Counsel-Secretary of State
Attorney for Defendant Secretary of State

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1 (d)(2) of the United States District Court Rules for the District of Montana, I certify that the word count calculated by Microsoft Word is 1,450 words, excluding the caption and the certificates of service and compliance.

Respectfully submitted this 13th day of October, 2020.

By:   /s/ Austin Markus James<br>
Austin M. James<br>
Special Assistant Attorney General<br>
Chief Legal Counsel-Secretary of State<br>
Attorney for Defendant Secretary of State

## CERTIFICATE OF SERVICE

I certify that on this 13th day of October, 2020, a true and correct copy of the foregoing was electronically served via CM/ECF upon the following:

Wesley James Furlong (MT Bar No. 42771409)
NATIVE AMERICAN RIGHTS FUND
745 West 4th Ave, Suite 502
Anchorage, AK 99501

Alex Rate (MT Bar No. 11226)
ACLU OF MONTANA
Post Office Box 1968
Missoula, MT 59806

                              By:   /s/ Austin Markus James
                              Attorney for Defendant Secretary of State
                              Special Assistant Attorney General